IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUNG D. LEE, *et al.*, | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SUPER KING SAUNA NJ, *et al.*, | : | |
| Defendants. | : | No. 11-2710 |

<u>**M E M O R A N D U M**</u>

PRATTER, J.                                                                              AUGUST 17, 2011

Plaintiffs Sung and Susie Lee filed this diversity action against Super King Sauna and

related entities,[1] claiming that Mr. Lee suffered injuries after slipping on a wet floor at Super

King Sauna's Palisades Park, New Jersey location.  The Defendants filed a motion to dismiss for

lack of personal jurisdiction and improper venue.  The parties do not dispute that the Defendants

are all New Jersey corporate entities or individual residents of New Jersey, and, indeed, Plaintiffs

allege diversity jurisdiction based on this fact.  The Defendants, however, contend that they do

not have the minimum contacts with Pennsylvania necessary to allow this Court to exercise

personal jurisdiction over them.

I.       **Factual and Procedural Background**

Plaintiffs allege that on August 6, 2009, Mr. Lee was a customer at King Sauna Spa and

Fitness in Palisades Park, New Jersey when he slipped and fell on a "liquid substance" and

suffered permanent injuries, leaving him "sick, sore, lame, and disordered."  *See* Compl. at ¶¶ 9,

18.  Plaintiffs also allege that "a transaction or occurrence out of which the cause of action arose

occurred in this judicial district."  *See* Compl. at ¶ 2.  The Complaint contains no further

_____

[1]        The Plaintiffs also name as defendants King Sauna, King Spa & Fitness, and
Yoon Jung Park, individually and doing business as King Sauna and King Spa & Fitness.

reference to any "transaction or occurrence" in the Eastern District of Pennsylvania; however, in response to Defendants' Motion to Dismiss, Plaintiff Susie Lee averred that she purchased a spa package for ten massage treatments after seeing advertisements for Super King Spa in the Korean Newspaper[2] which is distributed at Korean Centers and Supermarkets in Philadelphia and which Ms. Lee purchased at the Korean Community Center located at 8th and Market Streets in Philadelphia.  *See* Pls.' Opp., Aff. of Susie Lee, ¶¶ 3-7.

On April 22, 2011, Plaintiffs filed this action, alleging one count of negligence and one count of loss of consortium.  Defendants responded by filing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2)-(3).  Attached to their motion is the affidavit of Yong B. Cho, Vice President of Super King Sauna, which states that Super King Sauna does no business, advertising, or marketing in Pennsylvania.  *See* Defs.' Mot. to Dismiss, Ex. B, ¶ 3.  Plaintiffs counter with their own affidavit, which states that in the spring/summer of 2009, Super King advertised in the Korean Newspaper which is sold and distributed in Korean communities in New York, New Jersey, and Pennsylvania; that Ms. Lee saw these advertisements and thereafter purchased a spa package; and that Super King maintains a website which allows Pennsylvania residents to purchase spa packages and to communicate with spa representatives.  *See* Pls.' Opp., Aff. of Susie Lee, ¶¶ 3-7, 9-10.  Plaintiffs also ask that if the Court finds that personal jurisdiction is lacking, the Court transfer the action to the District of New Jersey rather than dismiss the case.  While Defendants admit that the District of New Jersey would be a proper forum for this suit, they have not expressed a view on whether or not the Court should transfer

---

[2]       It is unclear whether there is a newspaper called the "Korean Newspaper" or whether Ms. Lee is simply referring to a particular newspaper written in the Korean language.

the action should the Court agree that they are not subject to personal jurisdiction in this District.

## II.     Legal Standard

### A.     *Personal Jurisdiction*

Federal Rule of Civil Procedure 4(e) allows a district court to assert personal jurisdiction over a non-resident to the extent allowed by the law of the state in which it sits. *See Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 63 (3d Cir. 1984). Pennsylvania's long-arm statute provides that a court may exercise personal jurisdiction over non-resident defendants "to the constitutional limits of the due process clause of the Fourteenth Amendment." *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001) (interpreting 42 PA. CONS. STAT. ANN. § 5322(b)).

Due process requires that (1) the defendant have "minimum contacts" with the forum state, and (2) the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *Remick*, 238 F.3d at 255 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Minimum contacts must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Remick*, 238 F.3d at 255 (quoting *Asahi Metal Indus. Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 109 (1987) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985))).

A federal court may exercise personal jurisdiction over a defendant in one of two ways. General personal jurisdiction is appropriate when a cause of action "arises from the defendant's non-forum related activities," and the defendant's contacts with the forum are continuous and systematic. *Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Products Co.*, 75 F.3d 147, 151 (3d Cir. 1995); *see also Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 369 n.1 (3d Cir. 2002)

(noting distinction); *General Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001) (*citing*

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-416 (1984)).  By contrast,

specific personal jurisdiction can be invoked when a cause of action arises from the defendant's

forum-related activities.  *Vetrotex*, 75 F.3d at 151.

 In deciding a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the

allegations of the complaint are taken as true.  However, once a jurisdictional defense is raised,

the plaintiff bears the burden of proving, through affidavits, or competent evidence, sufficient

contacts with the forum state to establish personal jurisdiction.  *See Dayhoff Inc. v. H.J. Heinz*

*Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996), *cert. denied*, 519 U.S. 1028 (1996).  The plaintiff must

establish those contacts with reasonable particularity.  *See Mellon Bank (East) PSFS, Nat'l Ass'n*

*v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1996).  Once the plaintiff makes out a *prima facie* case

in support of personal jurisdiction, the burden shifts to the defendant to establish that some other

considerations exist which would render exercise of personal jurisdiction unreasonable.  *See*

*Carteret Sav. Bank v. Shushan*, 954 F.2d 141, 150 (3d Cir. 1992).

 **B.** ***Venue***

 In a diversity matter, venue is proper only in:

 (1) a judicial district where any defendant resides, if all defendants reside in the same
State,

 (2) a judicial district in which a substantial part of the events or omissions giving rise to
the claim occurred, or a substantial part of property that is the subject of the action is
situated, or

 (3) a judicial district in which any defendant is subject to personal jurisdiction at the time
the action is commenced, if there is no district in which the action may otherwise be
brought.

4

28 U.S.C. § 1391(a).  Corporate defendants are deemed to reside in any judicial district in which

they are subject to personal jurisdiction at the time the suit is brought.  28 U.S.C. § 1391(c).

Thus, in cases involving corporate defendants, the question of proper venue under both 28 U.S.C.

§ 1391(a)(1) and (3) hinges upon whether the Court properly has personal jurisdiction over the

Defendants.   As to 28 U.S.C. § 1391(a)(2), the Third Circuit Court of Appeals has explained

that:

> Events or omissions that might only have some tangential connection with the dispute in litigation are not enough. Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute. . ."In most instances, the purpose of statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial.". . .The test for determining venue is not the defendant's "contacts" with a particular district, but rather the location of those "events or omissions giving rise to the claim," theoretically a more easily demonstrable circumstance than where a "claim arose." Although the statute no longer requires a court to select the "best" forum, the weighing of "substantial" may at times seem to take on that flavor.

*Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994).  Moreover, if

personal jurisdiction is found lacking, the question of proper venue is moot.

### C.      *Transfer*

Under 28 U.S.C. § 1406(a), when a case is filed in a district in which venue is improper,

the court may, in the interest of justice, transfer that case to any district in which it could be

brought.  A court may choose to exercise its authority under 28 U.S.C. § 1406(a) even if it lacks

personal jurisdiction. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465-66 (1962).  While the

standard for transfer under 28 U.S.C. § 1404(a), which allows for transfer in the interest of

justice even if venue is proper, is a stringent one, "[n]ormally transfer will be in the interest of

justice [under § 1406(a)] because [] dismissal of an action that could be brought elsewhere is

'time-consuming and justice-defeating.'" *Id.* at 467; *see also, e.g., Karcsh v. Bd. of Directors Ventura Country Club Comm. Homeowners Assoc.*, Civ. No. 10-4965, 2011 WL 1740626 (E.D. Pa. May 5, 2011) (transferring action to another district after determining that the court was without personal jurisdiction); *Lawman Armour Corp. v. Simon*, 319 F. Supp. 2d 499 (E.D. Pa. 2004) (same).

## III.    Discussion

Plaintiffs make two arguments in favor of personal jurisdiction in this case.  First, they argue that the Court has specific personal jurisdiction because Defendants advertised in a newspaper that is distributed in Pennsylvania.  They contend that Plaintiffs' causes of action arise from this advertisement because they went to the spa, the site of the injury, to take advantage of a special offer they learned about in the advertisement.  Second, Plaintiffs argue that the Court has general jurisdiction over the Defendants because they maintain an interactive website through which Pennsylvania residents may purchase spa gift certificates, search for specials, and communicate with the spa.  Defendants did not specifically respond to Plaintiffs arguments, although they generally maintain that there is no possible basis for personal jurisdiction because they do not do business in Pennsylvania, nor do they advertise or market their services here.

### A.    *Specific Personal Jurisdiction*

As to Plaintiffs' specific jurisdiction argument, the Third Circuit Court of Appeals addressed a situation similar to this one in *Scheidt v. Young*, 389 F.2d 58 (3d Cir. 1968).  In that case, the New Jersey-resident plaintiffs sued in the District of New Jersey for injuries sustained while staying at the defendant-lodge, which is located in Pennsylvania.  The court held that the

defendants' advertisement in a New York newspaper which was circulated in New Jersey and

plaintiffs' deposit mailed from New Jersey to Pennsylvania did not constitute sufficient

minimum contacts with New Jersey to sustain personal jurisdiction over the defendants, even

though the plaintiffs' stay at the lodge was prompted by the advertisement which they saw in

New Jersey.  *Id.* at 60.  *See also O'Connor v. Sandy Lane Hotel Co.*, No. Civ. A. 04-2436, 2005

WL 994617 (E.D. Pa. Apr. 28, 2005) (no specific personal jurisdiction when Barbados hotel sent

a spa brochure to plaintiff's Pennsylvania home, prompting him to book a spa appointment at

which he was injured after slipping on a wet tile); *Wright v. Am. Standard Inc.*, 637 F. Supp. 241

(E.D. Pa. 1985) (no specific personal jurisdiction when plaintiff's secretary booked his stay at

defendant-hotel using an advertisement in a national hotel directory).

 This is not to say that advertising that is specifically targeted to the forum state will never

amount to purposeful availment sufficient to justify the exercise of personal jurisdiction.  Indeed,

in *Hart v. McCollum*, 376 A.2d 644 (Pa. Super. 1977), the Pennsylvania Superior Court held that

a defendant-lounge that advertised on an almost daily basis in the Philadelphia Daily News and

other Pennsylvania papers was subject to personal jurisdiction when the lounge was sued by a

Pennsylvania resident whose child was killed in an accident caused by another defendant who

saw the advertisements, went to the lounge, and was negligently served alcohol while visibly

intoxicated.  Likewise, the court held that a hotel that purchased weekly advertisements for a

period of years in a newspaper published and distributed in Pennsylvania and provided brochures

and paid a referral fee to Pennsylvania travel agents was subject to personal jurisdiction in

Pennsylvania.  *See Garfield v. Homowack Lodge*, 378 A.2d 351 (Pa. Super. 1977).

 Here, however, the Defendants' contacts with Pennsylvania are much more limited.

Plaintiffs have only alleged that for a limited time period (spring/summer 2009), the Defendants placed an unspecified number of advertisements in a newspaper that is distributed in at least three states. Plaintiffs have not alleged which Korean newspaper the advertisements appeared in, let alone whether that newspaper is published in Pennsylvania, or how extensive that newspaper's distribution is in Pennsylvania as compared to the other states in which it is distributed. This situation more closely resembles the facts in *Scheidt* than the facts in *Hart* or *Garfield* – there is no evidence that the Defendants advertised for a long period of time or frequently, nor that they specifically targeted their advertisements to Pennsylvania residents like the Plaintiffs. Moreover, Defendants have submitted an affidavit which states that they do not advertise or market their spa in Pennsylvania, which tends to support the idea that any advertisements that made their way to Pennsylvania did so incidentally rather than intentionally. *See* Defs.' Mot. to Dismiss, Ex. B, ¶ 3. Even though Pennsylvania's long-arm statute extends as far as Constitution will allow, the Court finds that the record does not show that Defendants "purposefully directed [their] activities at the forum." *See Burger King,* 471 U.S. at 472. Thus, the Court cannot exercise specific personal jurisdiction over Defendants.

### B.      *General Personal Jurisdiction*

In order to allow the Court to exercise general personal jurisdiction, Plaintiffs must meet a much higher burden than a showing of minimum contacts – they must show that the Defendants had "continuous and systematic" contacts with the forum state. *See Vetrotex*, 75 F.3d at 151. With regard to personal jurisdiction based on a website, Plaintiffs correctly note that Pennsylvania and the Third Circuit Court of Appeals have adopted a "sliding scale" approach to jurisdiction. *See Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997);

*Efford v. Jockey Club*, 796 A.2d 370 (Pa. Super. 2002).  Under this approach, courts look at the "level of interactivity and commercial nature of the exchange of information that occurs on the" website.  *See Zippo*, 952 F. Supp. at 1124.  At one end of the spectrum are completely passive websites, which do no more than make information available to internet users.  At the other end are websites through which a defendant enters into contracts with forum state residents that involve "knowing and repeated transmission of computer files over the Internet."  In the middle are websites like the one in this case that are interactive and allow the user to "exchange information with the host computer."  *Id.*

Merely hosting an interactive website is not enough; the defendants must have "purposefully availed" themselves of the privilege of engaging in activity in the forum state through the website.  *See Toys R Us, Inc. v. Step Two S.A.*, 318 F.3d 446, 451-52 (3d Cir. 2003).  For instance, there must be evidence that defendants specifically targeted residents of the forum state or that the defendants knowingly conduct business with forum state residents through the website.  *Id.*  The Pennsylvania Superior Court has noted that for websites that occupy the "middle ground" of the sliding scale, the court must examine the "extent of business conducted with Pennsylvania residents via the host website."  *See Haas v. Four Seasons Campground*, 952 A.2d 688, 697 (Pa. Super. 2008) (holding that the court had no personal jurisdiction over a defendant that operated a website advertising its New Jersey campground's proximity to Pennsylvania and soliciting credit card and other personal information when accepting reservation requests, when the plaintiffs did not allege that they did anything more than view the website and did not present any evidence that any Pennsylvania residents interacted with the defendant through the website).  Courts have explicitly refused to exercise general jurisdiction

simply because products are available for purchase on the defendant's website without additional evidence linking the website to the forum state. *See Molnlycke Health Care v. Dumex Medical Surgical Prods.*, 64 F. Supp. 2d 448, 451-52 (E.D. Pa. 1999) (holding that establishing a website on which products are offered for sale, without more, does not subject a defendant to general jurisdiction in a given forum and citing cases that hold that "an advertising or business campaign aimed at selling a particular item. . . cannot be deemed to be purposefully directed at Pennsylvania even if some Pennsylvania residents respond to that campaign").

Apart from simply stating that the Defendants have targeted the Pennsylvania Korean community through their website, the Plaintiffs have pointed to no evidence that the Defendants' website is targeted at Pennsylvania residents. Nothing on the website they submitted at Exhibit A to Ms. Lee's Affidavit even refers to Pennsylvania. Even looking at the Pennsylvania contacts as a whole – that is, considering both the website and the unspecified number of advertisements during a discrete time period in a newspaper that has some circulation in Pennsylvania – Plaintiffs have failed to show that the Defendants had "continuous and systematic" contact with this forum, such that due process would allow the Court to exercise personal jurisdiction over them.

### C.    *Transfer of Venue*

Because the Court cannot exercise personal jurisdiction over the Defendants, any discussion of improper venue would be superfluous. The Court notes that because no Defendants reside or are subject to personal jurisdiction in this District,[3] venue is improper in this

---

[3]    It also cannot be said that "a substantial part of the events or omissions giving rise to the claim" occurred in this District. *See* 28 U.S.C. § 1391(a)(2). Apart from reading an

District.  *See* 28 U.S.C. § 1391(a).  However, as noted above, a court may choose to exercise its

authority under 28 U.S.C. § 1406(a) and transfer a case to a suitable venue even if it lacks

personal jurisdiction.  *See Goldlawr*, 369 U.S. at 465-66.  Plaintiffs have requested that the Court

transfer this action to the District of New Jersey rather than dismiss it should the Court decide

that personal jurisdiction is lacking.  The Defendants have not filed a reply brief objecting to this

request, but do note in their motion that this action should have been brought in New Jersey.

Personal jurisdiction could clearly be exercised over the Defendants in their home state, and the

bulk of the events from which this action arose occurred in the District of New Jersey.  Rather

than force the Plaintiffs to expend the cost of refiling their suit in an appropriate forum and risk

any statute of limitations issues that may arise as a result of the time that has lapsed between the

filing of this action and now, the Court finds that justice requires a transfer to the District of New

Jersey.

      An appropriate Order follows.


BY THE COURT:


S/Gene E.K. Pratter

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

advertisement for the spa in Pennsylvania, the Plaintiffs point to no events relating to the claim
that took place in this District.  Indeed, the crux of their claims rests on events that took place in
New Jersey – that is where Mr. Lee fell and suffered an injury, and that is where the Defendants
allegedly created a dangerous condition leading to Mr. Lee's fall.